UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDRUE JEFFERSON,<br><br>Petitioner,<br>v.<br><br>PERRY RUSSELL, et al.,<br><br>Respondents. | Case No. 3:19-cv-00331-RCJ-WGC<br><br>ORDER |

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Respondents have filed a motion to dismiss (ECF No. 10) in response to Jefferson's petition for writ of habeas corpus (ECF No. 6). Respondents argue that several of Jefferson's claims must be dismissed because they are either not cognizable in a federal habeas proceeding or they have not been exhausted in state court. Respondents also argue that one of Jefferson's claims should be dismissed as conclusory. For reasons that follow, the motion will be granted, in part, and denied, in part.

**I.    BACKGROUND[1]**

On December 12, 2012, following a jury trial in Nevada's Second Judicial District Court, in Washoe County, Jefferson was found guilty of murder in the second degree. He was sentenced to life in prison with parole eligibility after serving a minimum of 10

---

[1] The following background information was gathered from the exhibits filed at ECF Nos. 11-13 and this court's own docket.

years. Jefferson appealed, and the Nevada Supreme Court affirmed the judgment on February 27, 2014.

On March 4, 2015, Jefferson filed a petition for a writ of habeas corpus in the state district court. With the assistance of court-appointed counsel, Jefferson filed a supplemental petition. After holding an evidentiary hearing in December 2017, the court denied habeas relief. Jefferson appealed. On April 16, 2019, the Nevada Court of Appeals entered an order affirming the lower court's decision.

This court received Jefferson's habeas petition with a motion to proceed *in forma pauperis* on June 18, 2019. After Jefferson paid the filing fee, the court screened the petition and ordered that it be filed on August 5, 2019. On November 18, 2019, respondents filed the motion to dismiss now before the court for decision.

**II.     COGNIZABILIITY**

Respondents argue that part of Ground 1(B), Ground 1(C), and Ground 1(D) are not cognizable in a federal habeas proceeding.

A petition for a writ of habeas corpus is only available if a person is being held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available with respect to claims based solely on alleged errors in the interpretation or application of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). To obtain habeas relief, a petitioner must demonstrate a transgression of federal law binding on the state courts. *Id*. Thus, if the petitioner's claim is premised merely on an alleged misapplication of state law, he fails to state a cognizable claim for federal habeas relief. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

In Ground 1, Jefferson presents, verbatim, the arguments he presented to the Nevada Supreme Court in his direct appeal. ECF No. 6 at 3-17; ECF No. 12-23 at 7-21. His claim in Ground 1(A) and (B) that the evidence presented was not sufficient to sustain a conviction of second-degree murder is based on an alleged violation of the

1    Due Process Clause as recognized in *Jackson v. Virginia*, 443 U.S. 307 (1979). ECF
2    No. 6 at 7-14. Thus, it is cognizable in this proceeding. He also presents a cognizable
3    claim that the prosecution's presentation of gang-related evidence argument without
4    advance notice violated his federal right to due process. *Id.* Jefferson's remaining
5    arguments in Ground 1(B) are premised on alleged violations of state law and are,
6    therefore, not cognizable in a federal habeas proceeding. *Id.*

7    Ground 1(C) alleges the trial court erred in instructing the jury on the theory of
8    aiding and abetting second degree murder. *Id.* at 14-16. Ground 1(D) alleges the trial
9    court erred in refusing to grant the defense additional peremptory challenges. These
10   claims are premised entirely on alleged violations of state law. *Id.* at 16-17. Thus, they
11   will be dismissed as not cognizable in a federal habeas proceeding.[2]

12   **III.   EXHAUSTION**

13   Respondents argue that Jefferson has failed to exhaust state court remedies for
14   most of Grounds 2 and 3.

15   a.  <u>Standards</u>.

16   A federal court will not grant a state prisoner's petition for habeas relief until the
17   prisoner has exhausted his available state remedies for all claims raised. *Rose v.*
18   *Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state
19   courts a fair opportunity to act on each of his claims before he presents those claims in
20   a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim
21   remains unexhausted until the petitioner has given the highest available state court the
22   opportunity to consider the claim through direct appeal or state collateral review
23   proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v.*
24   *McCarthey*, 653 F.2d 374, 376 (9th Cir.1981).

---

[2] In Ground 4, Jefferson alleges that he "reserve[s] the right to set forth additional claims of ineffectiveness of trial and/or appellate counsel." ECF No. 6 at 86. Because it does not constitute an independent ground upon which federal habeas relief may be granted, it will also be dismissed as not cognizable.

1  A habeas petitioner must "present the state courts with the same claim he urges
2  upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve
3  exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting
4  claims under the United States Constitution" and given the opportunity to correct alleged
5  violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995);
6  *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

7  A claim is not exhausted unless the petitioner has presented to the state court
8  the same operative facts and legal theory upon which his federal habeas claim is based.
9  *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The
10 exhaustion requirement is not met when the petitioner presents to the federal court facts
11 or evidence which place the claim in a significantly different posture than it was in the
12 state courts, or where different facts are presented at the federal level to support the
13 same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988). On the other
14 hand, new allegations that do not "fundamentally alter the legal claim already
15 considered by the state courts" will not render a claim unexhausted. *Vasquez v. Hillery*,
16 474 U.S. 254, 260 (1986); *see also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir.
17 1994).

18  b. <u>Analysis</u>.

19  Grounds 2 and 3 of Jefferson's petition present numerous claims of ineffective
20 assistance of counsel (IAC). ECF No. 6 at 19-82. In Nevada, IAC claims are properly
21 raised for the first time in a timely first post-conviction proceeding. *See Pellegrini v.*
22 *State*, 34 P.3d 519, 534 (Nev. 2001). In his first and only state post-conviction
23 proceeding, Jefferson raised only two IAC claims – a claim that his trial counsel was
24 ineffective for failing to give a closing statement and a claim that trial counsel was
25 ineffective for failing to investigate and present evidence regarding an alternative
26 suspect who resembled Jefferson and had made an incriminating statements. ECF No.
27 13-25.

28

The former claim is raised in Jefferson's federal petition as Ground 2(I), and the latter as Ground 3(C). ECF No. 6 at 33, 81-82. All the remaining IAC claims in Grounds 2 and 3 are unexhausted.

    c.  <u>Treatment of unexhausted claims</u>.

Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. at 518–19. However, a petitioner who files a mixed petition must, at a minimum, be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims. *See, e.g.*, *Jefferson v. Budge*, 419 F.3d 1013, 1016–17 (9th Cir. 2005) (reversing and remanding the dismissal of a mixed habeas petition because the district court failed to offer the petitioner the opportunity to amend his petition to abandon the unexhausted claims).

Alternatively, the Supreme Court has held that "a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Rhines v. Weber*, 544 U.S. 269, 271–72 (2005). This discretion is to be exercised under "limited circumstances," *id.* at 277, because "routinely granting stays would undermine the AEDPA's goals of encouraging finality and streamlining federal habeas proceedings." *Blake v. Baker*, 745 F.3d 977, 981–82 (9th Cir. 2014).

The stay-and-abeyance procedure is appropriate only where the habeas petitioner has shown: (1) "good cause" for the failure to exhaust, (2) the unexhausted claim is "potentially meritorious," and (3) the petitioner did not "engage[ ] in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust the claim in state court. *Blake*, 745 F.3d at 982. However, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if

it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277.

In light of the foregoing, the court will provide Jefferson the opportunity to either (1) abandon his unexhausted claims and proceed on his remaining claims, (2) voluntarily dismiss his federal petition in order to return to state court to exhaust his unexhausted claims, or (3) file a motion for a stay and abeyance.

## IV.     PLEADING SUFFICIENCY

Respondents argue that Ground 3(C) should be dismissed as conclusory. In a habeas proceeding, notice pleading is insufficient, as a habeas petition must state facts that point to a real possibility of constitutional error. Rule 4, Rules Governing § 2254 Cases (Advisory Note, 1976 Adoption); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Mere conclusions of violations of federal rights without specific supporting allegations do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by facts are subject to dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

As noted above, Ground 3(C) is a claim that counsel was ineffective for failing to investigate and present evidence regarding an alternative suspect. ECF No. 6 at 81-82. While the court agrees that it is lacking in specificity, the claim alleges facts that at least point to the possibility of constitutional error. Thus, the court declines to dismiss Ground 3(C) for failing to meet habeas pleading standards.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is GRANTED, in part, and DENIED, in part. All claims in Ground 1 except for the Due Process Clause claims discussed above are dismissed as not cognizable in a federal habeas proceeding. Ground 4 is dismissed for the same reason. All of the IAC claims in Grounds 2 and 3 are unexhausted except for Grounds 2(I) and 3(C).

**IT IS FURTHER ORDERED** that, with respect to the unexhausted claims, petitioner has 30 days to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted claims and proceed on his remaining claims; or (2) inform this court in a sworn declaration that he wishes to dismiss his petition without prejudice in order to return to state court to exhaust his unexhausted claims;[3] or (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7–2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have 60 days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.

**IT IS FURTHER ORDERED** that petitioner shall have 60 days following service of respondents' answer within which to file a reply.

**IT IS FURTHER ORDERED** that pending motions for extension of time (ECF Nos. 9/15) are GRANTED *nunc pro tunc* as of their respective filing dates.

**IT IS FURTHER ORDERED** that petitioner's motion for a copy of the docket report (ECF No. 17) is GRANTED. The Clerk is direct to provide petitioner with a copy the docket report for this case.

DATED THIS 22nd day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[3] In offering this option, the court makes no assurances as to whether any future petition filed in this court would be timely under 28 U.S.C. § 2244(d). The pendency of this proceeding has not tolled the statutory filing period. *See Duncan v. Walker*, 533 U.S. 167 (2001).